[Cite as *State v. McCreery*, 2012-Ohio-5656.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 26417 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHAEL D. MCCREERY | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 05 06 2118 |

DECISION AND JOURNAL ENTRY

Dated: December 5, 2012

CARR, Judge.

{¶1} Appellant Michael McCreery appeals the judgment of the Summit County Court of Common Pleas that denied his motion to expunge his record of conviction. This Court reverses and remands.

I.

{¶2} In 2005, after circumstances arising out of a valid traffic stop, McCreery was indicted on two counts of improperly handling firearms in a motor vehicle in violation of the version of R.C. 2923.16(E)(1) then in effect, one count of possession of marijuana, one count of open container, and one count of using weapons while intoxicated. After initially pleading not guilty to all charges, McCreery pleaded guilty to one count of improperly handling firearms in a motor vehicle in exchange for the State's dismissal of the remaining four charges. The trial court sentenced McCreery to six months of incarceration which was stayed pending McCreery's

successful completion of two years of community control. The trial court further ordered that the two firearms at issue be destroyed or used by the Akron Police Department for its own purposes.

{¶3} On December 27, 2011, McCreery filed a motion to expunge his conviction pursuant to R.C. 2953.37. The State opposed the motion, arguing that the conduct underlying the conviction was still a violation under R.C. 2923.16(E)(1), that McCreery was not a first offender pursuant to R.C. 2953.32 which the State argued was implicated under any circumstances involving expungement, and that the government's need in preserving the record outweighed McCreery's interest in having the records of conviction expunged. McCreery replied, arguing that the State misidentified the conduct underlying the offense, that the State misrepresented the facts relevant to the original charge, and that R.C. 2953.32 is not implicated relevant to expungements pursuant to R.C. 2953.37.

{¶4} The trial court held a hearing on McCreery's motion and took the matter under advisement. The court subsequently issued an order denying McCreery's motion, reasoning that McCreery's conduct at the time of the traffic stop still constituted a criminal offense pursuant to R.C. 2923.16(E). McCreery appealed, raising four assignments of error for review. This Court consolidates some assignments of error to facilitate review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED BY IMPROPERLY APPLYING THE PROVISIONS OF R.C. 2953.37.

**ASSIGNMENT OF ERROR III**

THE TRIAL COURT VIOLATED APPELLANT'S SIXTH AMENDMENT RIGHTS BY CONSIDERING FACTS PERSONALLY KNOWN TO IT IN RENDERING ITS DECISION.

{¶5}    McCreery argues that the trial court misapplied the relevant expungement statute and relied on facts outside the record when it denied his motion to expunge his conviction for improperly handling firearms in a motor vehicle.  This Court agrees.

{¶6}    As an initial matter, a challenge to the trial court's denial of an application to expunge a criminal conviction for improperly handling firearms in a motor vehicle, filed under R.C. 2953.37 in effect as of September 30, 2011, is one of first impression in Ohio.

{¶7}    "Any person who is convicted of, was convicted of, pleads guilty to, or has pleaded guilty to a violation of [R.C. 2923.16(E)] as the division existed prior to the effective date of this section [9-30-11] and who is authorized by division (H)(2)(a) of that section to file an application under this section for the expungement of the conviction record may apply to the sentencing court for the expungement of the record of conviction."  R.C. 2953.37(B).  R.C. 2923.16(H)(2)(a) provides, in pertinent part: "If a person is convicted of, was convicted of, pleads guilty to, or has pleaded guilty to a violation of division (E) of this section as it existed prior to the effective date of this amendment [9-30-11] and if the conduct that was the basis of the violation no longer would be a violation of division (E) of this section on or after the effective date of this amendment, the person may file an application under section 2953.37 of the Revised Code requesting the expungement of the record of conviction."

{¶8}    The prosecutor may file an objection to the granting of the application.  R.C. 2953.37(C).  The trial court must conduct a hearing on the application.  *Id*.  Furthermore, at the hearing, the trial court must (1) determine whether the conduct that was the basis of the violation for which the applicant was convicted would no longer be a violation of R.C. 2923.16(E), (2) consider the prosecutor's reasons against expungement as specified in the objections, and (3)

weigh the applicant's interests in expungement against the government's legitimate needs, if any, to maintain the records pertaining to the applicant's conviction. R.C. 2953.37(D)(1)(a)/(c)/(d).

{¶9} McCreery was indicted in 2005, for improperly handling firearms in a motor vehicle pursuant to R.C. 2923.16(E)(1), which stated at the time: "No person who has been issued a license * * * to carry a concealed handgun * * * shall * * * [k]nowingly transport or have a loaded handgun in a motor vehicle unless the loaded handgun either is in a holster and in plain sight on the person's person or it is securely encased by being stored in a closed, locked glove compartment or in a case that is in plain sight and that is locked[.]" At the change of plea hearing, the assistant prosecutor informed the trial court that McCreery agreed to plead guilty to that charge in exchange for the State's dismissal of the remaining four charges. The assistant prosecutor further recommended probation "based on the fact the Defendant has no prior felony record."

{¶10} During its colloquy with McCreery, the trial court read the relevant count of the indictment as follows: "[O]n or about the 13th day of June, 2005, in Summit County, Ohio, you did commit the crime of improper handling of a firearm in a motor vehicle. You having been issued a license to carry a concealed handgun, pursuant to law, but did knowingly transport or have a loaded handgun in a motor vehicle, it was not in plain sight or in a holster or securely encased in a locked glove compartment or secured in a holster in plain sight in violation of the law." McCreery pleaded guilty to the charge as explained. No facts relating to the incident were discussed on the record except that the handguns involved were a Colt .38 Special snub nose pistol and a 9 mm pistol.

{¶11} At the hearing on the application, the State reiterated its objection solely on the grounds that McCreery's conduct was still a crime. The assistant prosecutor asserted that,

according to the officer's report, McCreery initially denied during the traffic stop that he had a handgun on his person. A driver's or occupant's failure to inform a law enforcement officer during a traffic stop that he has a loaded handgun in the motor vehicle was a crime under former R.C. 2923.16(E)(3) and remains a crime under current R.C. 2923.16(E)(1). At the hearing, McCreery denied failing to tell the officer that he had a loaded handgun in the car. Moreover, while acknowledging that such a failure would have been and remains a crime, McCreery asserted that he was not charged with that crime and that that conduct did not form the basis of the violation to which he pleaded guilty and was convicted.

{¶12} The officer's report is not contained in the record. Moreover, the facts underlying the charge and plea were not discussed on the record at the change of plea hearing. The field arrest/summons form sworn to by the arresting officer, however, is included in the record. Officer B. Stevens swore that a police legal advisor authorized charges, including a charge of improper handling of firearms in a motor vehicle pursuant to R.C. 2923.16(E)(1) then in effect. The officer further swore that he stopped McCreery for an expired registration and that McCreery had a revolver concealed in his waistband and a semi-automatic pistol in an unlocked center console. The officer did not assert that McCreery failed to disclose that he had loaded handguns in the car, and the authorized charge did not reflect any failure to disclose.

{¶13} At the hearing, the trial court asserted that this "type of offense makes me nervous, and I'm not going to grant the sealing unless I have to." In denying the application, the trial court found that McCreery "did not promptly inform law enforcement that he had a handgun in the car." There was no such evidence in the record and the trial court erred by considering and relying on facts not in evidence and its own discomfort with the legislative scheme. *See In re*

*K.B.*, 12th Dist. No. CA2006-03-077, 2007-Ohio-1647, ¶ 24 ("It is axiomatic that the trier of fact must only consider evidence in the record.").

**{¶14}** Moreover, the trial court misconstrued the determination it was mandated to make pursuant to R.C. 2953.37(D)(1)(a). Under that provision, the trial court was required to determine "whether the conduct *that was the basis of the violation* no longer would be a violation of [R.C. 2923.16(E)]." The conduct forming the basis of McCreery's violation was his transport of a loaded handgun in a motor vehicle that was not in a holster or locked case in plain sight, or securely encased in a locked glove compartment. The conduct underlying his conviction was not his failure to disclose to the officer that he had loaded handguns in the car. There was no evidence that McCreery failed to make the required disclosure, but even if there were, such conduct did not form the basis of the violation to which he pleaded guilty and was convicted. Because the conduct which formed the basis of his prior conviction is no longer a criminal offense, the trial court erred by concluding to the contrary. Moreover, because it denied McCreery's motion to expunge on that basis, this matter is remanded for the trial court's further consideration of the remaining statutory factors. McCreery's first and third assignments of error are sustained.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY FAILING TO COMPLY WITH THE REQUIREMENTS OF R.C. 2953.37.

### ASSIGNMENT OF ERROR IV

THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO DUE PROCESS BY RETROACTIVELY CONVICTING HIM OF A DIFFERENT CRIMINAL OFFENSE THAN THAT WHICH HE ORIGINALLY PLED GUILTY.

**{¶15}** Based on this Court's resolution of the first and third assignments of error, the second and fourth assignments of error have been rendered moot and we decline to address them. *See* App.R. 12(A)(1)(c).

III.

**{¶16}** McCreery's first and third assignments of error are sustained. We decline to address the second and fourth assignment of error. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
And cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

WHITMORE, P. J.
DICKINSON, J.
CONCUR.

APPEARANCES:

NICHOLAS J. HORRIGAN, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.