[Cite as *Akron v. Prince*, 2013-Ohio-2671.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| CITY OF AKRON | | C.A. No. 26713 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| GEORGETTE PRINCE | | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. 12 CR 10777 |

DECISION AND JOURNAL ENTRY

Dated: June 26, 2013

WHITMORE, Judge,

**{¶1}** Defendant-Appellant, Georgette Prince, appeals from her conviction in the Akron Municipal Court. This Court reverses.

I

**{¶2}** On October 3, 2012, Summit County Sheriff's Deputy Todd Buck investigated a complaint of drug use at 1244 Burkhardt Avenue in his role as an AMHA housing fraud investigator. Prince, the primary resident of 1244 Burkhardt Avenue, was outside when Deputy Buck arrived. With Prince's permission, Deputy Buck entered the residence and immediately smelled the odor of burnt marijuana. Deputy Buck then asked Prince to walk him around the residence. While walking through the residence, Deputy Buck observed a burnt marijuana cigar lying in an ashtray. Deputy Buck confiscated the marijuana cigar and charged Prince with possession of a controlled substance, in violation of Akron Municipal Code ("AMC") Section 138.10.

{¶3} Prince's trial was originally scheduled for October 22, 2012, but was later continued to November 5, 2012. Prior to the first trial date, Prince subpoenaed two AMHA representatives, Attorney James Casey and Jerry Westfield, and ordered them to bring to trial any AMHA phone records from anonymous callers that pertained to her residence. Prior to the second trial date, Prince only subpoenaed Jerry Westfield. On the day of trial, no AMHA representatives appeared and the trial court asked Prince whether she would still like to proceed.[1] Prince agreed to go to trial without the AMHA representatives or the records she had subpoenaed.

{¶4} Both the State and Prince presented evidence at the trial and, at its conclusion, the court indicated that it would take the matter under advisement. Subsequently, the trial court issued its judgment entry, finding Prince guilty of possession. In its judgment entry, the court outlined the evidence presented by the State and Prince at trial. It further wrote:

> The Court has also had the opportunity to speak with AMHA Attorney James Casey in the wake of trial, who provided to the Court documents and other information regarding this matter which were subpoenaed by Defendant.

The court sentenced Prince to a fine, costs, and a license suspension, but stayed her sentence for purposes of her appeal.

{¶5} Prince now appeals from her conviction and raises two assignments of error for our review. For ease of analysis, we consolidate the assignments of error.

II

Assignment of Error Number One

APPELLANT-PLAINTIFF'S SIXTH AMENDMENT RIGHTS PURSUANT TO THE UNITED STATES CONSTITUTION WERE VIOLATED FOR A FAIR

---

[1] The State notified the court that Prince's subpoena for Jerry Westfield may not have been delivered because AMHA's chief legal investigator was an individual named Terry Westfere, not Jerry Westfield.

AND JUST TRIAL AFFORDED BY THE PROTECTIONS OF THIS AMENDMENT BROUGHT FORTH UNDER THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT BECAUSE APPELLANT-PLAINTIFF WAS NOT GIVEN SUFFICIENT NOR THE OPPORTUNITY TO REVIEW ALL DOCUMENTS IN APPELLEE-DEFENDANTS POSSESSION AFTER SUBPOENAING SAID DOCUMENTS ON TWO SEPARATE INSTANCES. (Sic.)

Assignment of Error Number Two

APPELLEE-DEFENDANT KNOWING, WILLFULLY AND NEGLIGENTLY WITHHELD DOCUMENTS KNOWN TO BE IN APPELLEE-DEFENDANT'S POSSESSION IS A CLEAR VIOLATION OF COMPARABLE PROVISIONS ESTABLISHED THAT PURSUANT TO THE OHIO RULES OF EVIDENCE PURSUIT TO RULE 404 MORE SPECIFICALLY RULE 404(B). (Sic.)

{¶6} In her assignments of error, Prince argues that her due process rights were violated because she was convicted without having the opportunity to review all the evidence. We agree.

{¶7} Initially, we note that the State has not filed a responsive brief on appeal. As such, this Court may "accept [Prince's] statement of the facts and issues as correct and reverse the judgment if [her] brief reasonably appears to sustain such action." App.R. 18(C).

{¶8} Prince appears pro se on appeal. This Court has held that pro se litigants are "presumed to have knowledge of the law and correct legal procedures so that [they] remain[] subject to the same rules and procedures to which represented litigants are bound." *Sherlock v. Myers*, 9th Dist. No. 22071, 2004-Ohio-5178, ¶ 3. Nevertheless, "pro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities." *Id.*

{¶9} Although Prince's argument before this Court is underdeveloped, it is clear that her chief complaint is that she was convicted upon evidence that (1) she was never provided, and (2) was never produced at trial. The trial court's judgment entry itself supports her contention.

As previously set forth, the trial court wrote in its entry that it spoke with an AMHA attorney "in the wake of trial" and received "documents and other information regarding this matter" from him. The court, therefore, received additional evidence after trial. There is no indication in the record that Prince was ever able to review that evidence. Moreover, the evidence is not a part of the record.

{¶10} "It is axiomatic that the trier of fact must only consider evidence in the record." *State v. McCreery*, 9th Dist. No. 26417, 2012-Ohio-5656, ¶ 13, quoting *In re K.B.*, 12th Dist. No. CA2006-03-077, 2007-Ohio-1647, ¶ 24. That a defendant's criminal conviction might depend, even in part, upon evidence that was not introduced at trial offends the very notion of due process.

{¶11} Because the trial court considered evidence not introduced at trial, Prince's right to due process was violated. Accordingly, we sustain Prince's assignments of error.

III

{¶12} Prince's assignments of error are sustained. The judgment of the Akron Municipal Court is reversed, and the cause is remanded for proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
BETH WHITMORE
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

GEORGETTE PRINCE, pro se, Appellant.

CHERI CUNNINGHAM, Director of Law, GERTRUDE WILMS, Chief City Prosecutor, and GRETA L. JOHNSON, Assistant City Prosecutor, for Appellee.