[Cite as *State v. Singo*, 2014-Ohio-5335.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | C.A. No. 27094 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| TIMOTHY SINGO | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 11 04 0963 |

DECISION AND JOURNAL ENTRY

Dated: December 3, 2014

MOORE, Judge.

{¶1} Defendant-Appellant, Timothy Singo, appeals from the judgment of the Summit County Court of Common Pleas, denying his second motion to seal his record of conviction. This Court affirms.

I.

{¶2} As a result of an incident that occurred on April 12, 2011, a grand jury indicted Mr. Singo on two counts: (1) improperly handling a firearm in a motor vehicle, a fifth-degree felony in violation of R.C. 2923.16(E)(2); and (2) aggravated menacing, a first-degree misdemeanor in violation of R.C. 2903.21. Mr. Singo ultimately agreed to plead guilty to reduced charges. In exchange for his guilty plea, the State agreed to dismiss the charge of aggravated menacing and reduce the charge of improperly handling a firearm to a first-degree misdemeanor. The trial court accepted the plea, found Mr. Singo guilty of the amended charge

of improperly handling a firearm in a motor vehicle, and sentenced him to one year of probation. Mr. Singo completed his term of probation without incident.

**{¶3}** On October 19, 2012, Mr. Singo filed a motion to seal his record of conviction. The State did not file any objection to Mr. Singo's motion. At the hearing the court conducted on the motion, however, the prosecutor noted his objection to the sealing. The trial judge then denied Mr. Singo's motion, citing her "great concern" regarding the allegations underlying Mr. Singo's case. Mr. Singo did not appeal from the court's denial of his first motion.

**{¶4}** On August 5, 2013, Mr. Singo filed a second motion to seal his record of conviction. The State did not file a response to the motion, and the court did not hold a hearing on it. Instead, the court denied the motion, writing that "for good cause shown, IT IS ORDERED that the Court's [prior] Journal Entry * * * stands, and further, [Mr. Singo's] Motion for Expungement of Record of Conviction filed on August 5, 2013 is denied."

**{¶5}** Mr. Singo now appeals from the trial court's denial of his second motion and raises three assignments of error for our review. For ease of analysis, we consolidate Mr. Singo's assignments of error.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY FAILING TO COMPLY WITH ITS STATUTORY OBLIGATIONS.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT VIOLATED [MR. SINGO'S] SIXTH AMENDMENT RIGHTS BY CONSIDERING FACTS PERSONALLY KNOWN TO IT IN RENDERING ITS DECISION.

**ASSIGNMENT OF ERROR III**

THE TRIAL COURT VIOLATED [MR. SINGO'S] RIGHT TO DUE PROCESS BY FAILING TO REQUIRE OBJECTION BE FILED PRIOR AND FAILING TO AFFORD AN OPPORTUNITY TO RESPOND TO THE UNCHALLENGED ALLEGATIONS AND IMPROPER OBJECTION OF THE STATE.

{¶6} In his assignments of error, Mr. Singo argues that the trial court erred when it denied his motion to seal. Specifically, he argues that the court: (1) failed to comply with the mandates of R.C. 2953.37; (2) erred by relying on facts that did not form the basis of his conviction; and (3) violated his due process rights by not affording him a meaningful opportunity to respond to the State's oral objection to his motion. Because we must conclude that Mr. Singo's appeal is barred by res judicata, we do not address his assignments of error on the merits.

{¶7} On September 30, 2011, the General Assembly enacted Senate Bill 17; a bill aimed at restructuring the law that governs concealed carry licensees. The bill amended R.C. 2923.16 (improperly handling a firearm in a motor vehicle) such that certain acts would no longer be considered violations of that statute. Additionally, the bill created a new expungement statute, targeted at expunging convictions that had arisen under the broader language found in former R.C. 2923.16. Under the new expungement statute,

> [a]ny person who was convicted of * * * a violation of division (B), (C), or (E) of section 2923.16 of the Revised Code as the division existed prior to September 30, 2011, and who is authorized by [R.C. 2923.16(H)(2)(a)] to file an application under this section for the expungement of the conviction record may apply to the sentencing court for the expungement of the record of conviction.

R.C. 2953.37(B). Relevant to this appeal, R.C. 2923.16(H)(2)(a) permits an offender to apply for an expungement under the foregoing division if the offender: (1) was convicted of a violation of R.C. 2923.16(E) as it existed prior to September 30, 2011; and (2) "if the conduct that was the basis of the violation no longer would be a violation of [R.C. 2923.16(E)] on or after September 30, 2011."

**{¶8}** After an offender files an expungement application under R.C. 2953.37, the prosecutor may file an objection to the application, and the court must conduct a hearing. R.C. 2953.37(C). At the hearing,

> the trial court must (1) determine whether the conduct that was the basis of the violation for which the applicant was convicted would no longer be a violation of R.C. 2923.16(E), (2) consider the prosecutor's reasons against expungement as specified in the objections, and (3) weigh the applicant's interests in expungement against the government's legitimate needs, if any, to maintain the records pertaining to the applicant's conviction.

*State v. McCreery*, 9th Dist. Summit No. 26417, 2012-Ohio-5656, ¶ 8, citing R.C. 2953.37(D)(1)(a), (c), (d).

**{¶9}** Mr. Singo filed his first motion for sealing on October 19, 2012. In his motion, Mr. Singo did not cite R.C. 2953.37. Instead, he cited R.C. 2953.52, a statute that allows "the official record of a criminal case to be sealed if the defendant was acquitted, the case was dismissed, or a grand jury returned a no bill." *State v. Boykin*, 9th Dist. Summit Nos. 25752 & 25845, 2012-Ohio-1381, ¶ 5. That statute was clearly inapplicable to Mr. Singo, as he was convicted as a result of pleading guilty. Nevertheless, when Mr. Singo appeared at his expungement hearing with his attorney, his attorney specifically noted that Mr. Singo was "qualified [for expungement] based on the modifications made by the statute and the legislative action back in September of 2011." Moreover, in considering Mr. Singo's motion, the trial court stated:

> The Court recognizes the recent changes in the statute that would allow for sealing of this matter. The Court also knows that in terms of the change, part of the analysis is whether the conduct that was the basis of the violation no longer would be a violation of that division on or after the effective date. I believe the code section was under E to which he pled.

The court ultimately denied Mr. Singo's motion because it determined that the State's interest in maintaining his conviction outweighed his interest in having his record expunged.

{¶10} Mr. Singo filed his second motion for sealing on August 5, 2013. In his motion, Mr. Singo specifically sought sealing under R.C. 2953.37. Yet, he did not allege that any circumstances had changed since the filing of his first motion. He merely asked the court to expunge his conviction under R.C. 2953.37. The trial court denied his second motion for sealing without a hearing.

{¶11} Mr. Singo has appealed pro se from the trial court's denial of his second motion for sealing. With respect to pro se litigants, this Court has observed that

> pro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold [pro se appellants] to the same standard as any represented party.

(Internal citations omitted.) *Sherlock v. Myers*, 9th Dist. Summit No. 22071, 2004-Ohio-5178, ¶ 3; *Countrywide Home Loans Servicing, L.P. v. Murphy-Kesling*, 9th Dist. Summit No. 25297, 2010-Ohio-6000, ¶ 4.

{¶12} "It is well established that res judicata prohibits the consideration of issues that could have been raised on direct appeal." *State v. Knuckles*, 9th Dist. Summit No. 26801, 2013-Ohio-4173, ¶ 9. Res judicata applies to successive motions for sealing when there has been no change of circumstances since the filing of the offender's prior motion. *See State v. Haney*, 10th Dist. Franklin No. 99AP-159, 1999 WL 1054840 (Nov. 23, 1999). Were it otherwise, there would be no disincentive to offenders who might file repeated motions for sealing in the hopes of obtaining a different outcome, based on the same set of circumstances.

{¶13} Throughout his brief, Mr. Singo cites to the transcript of the hearing that the trial court held on his first motion for sealing. He argues that the court failed to consider certain

statutory factors at the hearing, allowed the State to enter an improper objection, denied him the opportunity to respond to the improper objection, and considered factually incorrect allegations in denying his motion. Mr. Singo, however, did not appeal from the judgment entry that the court issued as a result of that hearing. Any errors that the court may have committed in the context of denying his first motion for sealing were errors that Mr. Singo could have raised on direct appeal. Because he did not appeal from the court's denial of his first motion for sealing, res judicata now prohibits this Court's consideration of those issues. *See Knuckles* at ¶ 9.

{¶14} Mr. Singo argues that res judicata does not bar his current appeal because his two motions for sealing arose under different statutes. According to Mr. Singo, his first motion for sealing only cited to R.C. 2953.52, so the court only denied his motion under that statute. Because his second motion for sealing relied upon R.C. 2953.37, Mr. Singo argues that he should now be permitted to appeal from the court's denial of his motion under that specific statute. Assuming that res judicata would not prohibit an offender from pursuing successive motions for sealing on different statutory grounds in the absence of any other change in circumstances, the record does not support Mr. Singo's argument that the court did not employ R.C. 2953.37 in denying his first motion for sealing.

{¶15} As previously noted, R.C. 2953.52 governs applications for sealing in cases where the defendant "was acquitted, the case was dismissed, or a grand jury returned a no bill." *Boykin*, 2012-Ohio-1381, at ¶ 5. On its face, that statute did not apply to Mr. Singo. Further, the record reflects that both Mr. Singo's counsel and the trial court discussed R.C. 2953.37 at the hearing on Mr. Singo's first motion for sealing. The court specifically discussed the recent changes to the statutory scheme and noted that it had to analyze whether Mr. Singo's "conduct that was the basis of the violation no longer would be a violation of that division on or after the

effective date" of the statutory revisions. Accordingly, the court referenced R.C. 2953.37 and quoted directly from R.C. 2923.16(H)(2)(a) in considering Mr. Singo's first motion. The record does not support Mr. Singo's argument that the court did not decide his first motion for sealing under R.C. 2953.37. Although the court did not cite R.C. 2953.37 in its entry denying Mr. Singo's first motion, Mr. Singo failed to appeal from that judgment entry.

{¶16} With regard to his second motion for sealing, Mr. Singo argues that the court erred by failing to hold a hearing. Mr. Singo's motion, however, did not present the court with any new circumstances that had occurred since the filing of his prior motion. The trial court could, therefore, properly deny Mr. Singo's motion without a hearing on the basis of res judicata. *Compare State v. Schwartz*, 1st Dist. Hamilton No. C-040390, 2005-Ohio-3171, ¶ 9-10 (res judicata did not bar subsequent motion for sealing where there was a showing of a change of circumstances). Although the trial court did not specify that it was denying Mr. Singo's motion for that reason, "this Court may affirm its ultimate decision on other legally correct grounds." *State v. Calise*, 9th Dist. Summit No. 26027, 2012-Ohio-4797, ¶ 42. Upon our review of the record, we cannot conclude that the trial court erred by denying Mr. Singo's second motion for sealing. Consequently, Mr. Singo's assignments of error are overruled.

### III.

{¶17} Mr. Singo's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

HENSAL, J.
CONCURS.

BELFANCE, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶18} I concur in the majority's judgment to affirm the trial court's denial of Mr. Singo's motions for expungement; however, I would decline to apply res judicata to this case.

{¶19} Mr. Singo has appealed from both of the judgment entries of the trial court. In entering both of its rulings on Mr. Singo's motions, the trial court did not include a Civ.R. 58(B) directive to the clerk. Nor does the docket reflect that Mr. Singo was ever served with either ruling. Because Mr. Singo was not served with either ruling in compliance with Civ.R. 58(B), the 30-day time period for any appeal from those rulings never commenced. *See* App.R. 4(A);

*see also State v. Hutchen,* 191 Ohio App.3d 388, 2010-Ohio-6103, ¶ 6 (2d Dist.) (noting the civil nature of expungement proceedings and applying Civ.R. 58(B) and App.R. 4(A) to the facts of the case).  Accordingly, Mr. Singo has timely appealed from both rulings.  *See Blair v. Wallace*, 9th Dist. Summit No. 24819, 2010-Ohio-2734, ¶ 12-13.  Because I would consider Mr. Singo's appeal from both rulings to be timely, res judicata would be inapplicable to this matter.

{¶20}  Nonetheless, based on Mr. Singo's arguments on appeal and the record before us, I cannot conclude the trial court committed reversible error in denying his motions.  Accordingly, I concur in the majority's judgment.


APPEARANCES:

TIMOTHY P. SINGO, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.