[Cite as *State v. L.L.*, 2017-Ohio-5489.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2016-CA-74 |
| | : | |
| v. | : | Trial Court Case No. 2011-CR-878 |
| | : | |
| [L.L.] | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of June, 2017.

. . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Fourth Floor, Springfield., OH 45502
      Attorney for Plaintiff-Appellee

CHARLES M. BLUE, Atty. Reg. No. 0074329, 401 East Stroop Road, Kettering, OH 45429-2829
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

      {¶ 1} The trial court, without conducting a hearing, overruled Defendant-appellant's application, filed under R.C. 2953.32, to seal the record regarding her

conviction for theft of drugs in violation of R.C. 2913.02(A)(1). The State of Ohio concedes that the trial court, by not conducting the hearing required by R.C. 2953.32(B), committed reversible error. The trial court's judgment is, accordingly, reversed and the cause is remanded for further proceedings.

## I. Facts and Procedural History

{¶ 2} Defendant-appellant L.L., on December 19, 2011, was indicted on one count of theft of drugs in violation of R.C. 2913.02(A)(1). Ultimately, L.L., on July 18, 2013, entered a guilty plea to the indictment. L.L. was sentenced to a term of community control sanctions (CCS) for a term of one year with the CCS starting date, for reasons not pertinent to this appeal, being retroactive to June 19, 2012. The CCS, therefore, was completed upon L.L.'s guilty plea.

{¶ 3} L.L., on September 12, 2016, filed an application to seal the record of her July 18, 2013 conviction. On October 20, 2016, the trial court, without conducting a hearing, filed an entry and order overruling L.L.'s application. This appeal followed.

## II. Analysis

{¶ 4} R.C. 2953.32(B) states that a court, upon the filing of an application to seal the record, "shall set a date for a hearing…". The court, following the hearing, must determine if the applicant is eligible to have the record of the case sealed; whether "criminal proceedings are pending against the applicant;" "whether the applicant has been rehabilitated to the satisfaction of the court;" consider, if the prosecutor has filed an objection, "the reasons against granting the application specified by the prosecutor in the objection;" and "[w]eigh the interests of the applicant in having the records pertaining to applicant's conviction… sealed against the legitimate needs, if any, of the government to

maintain those records." R.C. 2953.32(C)(1)(a), (b), (c), (d) and (e). The court, following this required analysis, must determine whether the application should be granted.

**{¶ 5}** R.C. 2953.32(B), as conceded by the State of Ohio, requires a trial court to conduct a hearing to determine whether an application to seal the record is appropriately granted or not. The failure to conduct such a hearing, again as conceded by the state, requires reversal of the trial court's decision. *State v. D.L.*, 2d Dist. Montgomery No. 26394, 2015-Ohio-1664; *State v. Hutchen*, 191 Ohio App.3d 388, 2010-Ohio-6103, 946 N.E.2d 270 (2d Dist.). The trial court's decision denying L.L.'s petition must, accordingly, be reversed and remanded.

### III. Conclusion

**{¶ 6}** The trial court's judgment is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

HALL, P.J. and WELBAUM, J., concur.

Copies mailed to:

Andrew P. Pickering
Charles M. Blue
Hon. Douglas M. Rastatter