[Cite as *State v. S.D.*, 2020-Ohio-4597.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO/CITY OF OAKWOOD | : | |
| | : | |
| | : | Appellate Case No. 28615 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. CRB1700076 |
| v. | : | |
| | : | (Criminal Appeal from Municipal Court) |
| S.D. | : | |
| | : | |
| Defendant-Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 25th day of September, 2020.

. . . . . . . . . . .

ROBERT F. JACQUES, Atty. Reg. No. 0075142, Prosecuting Attorney, City of Oakwood, 30 Park Avenue, Oakwood, Ohio 45419
    Attorney for Plaintiff-Appellee

JOHN R. FOLKERTH, JR., Atty. Reg. No. 0016366, 109 North Main Street, 500 Performance Place, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Appellant S.D. appeals form the trial court's decision overruling, without a hearing, his application to seal the record of a disorderly conduct conviction. Appellee, the City of Oakwood, concedes that the trial court's failure to conduct a hearing was error. The trial court's judgment will be reversed, and the case will be remanded so that a hearing on the application may be conducted.

### Facts and Procedural History

{¶ 2} After being charged with domestic violence as a first degree misdemeanor, S.D. pleaded no contest to an amended charge of disorderly conduct in violation of Oakwood Codified Ordinance 509.03(a)(2). The trial court and the parties thought S.D.'s no contest plea was to a fourth-degree misdemeanor. The trial court accepted the plea, found S.D. guilty, and, consistent with a fourth-degree misdemeanor, sentenced him to 30 days in jail (with 29 days suspended and credit given for one day already served), imposed a $250 fine and court costs, and placed him on probation for two years.

{¶ 3} S.D., with new counsel, appealed. The appeal asserted that, based upon the facts the city presented at the plea hearing, S.D. pleaded no contest to and was found guilty of disorderly conduct as a minor misdemeanor.[1] On appeal, the City of Oakwood conceded error, and we reversed the trial court's judgment and remanded the case for resentencing. *City of Oakwood v. S.D.*, 2d Dist. Montgomery No. 28017, 2019-Ohio-1384.

{¶ 4} On September 5, 2019, which was almost five months after the remand, the

---

[1] Under Oakwood Codified Ordinance 509.03(e), disorderly conduct is a minor misdemeanor unless one of the enhancing facts set forth in 509.03(e)(3)(A-D) is present. If an enhancing fact is present, disorderly conduct is a fourth-degree misdemeanor. The city's factual recitation did not include any fact that would have increased S.D.'s disorderly conduct offense to a fourth-degree misdemeanor.

trial court conducted a new sentencing hearing. On September 13, the trial court filed a sentencing entry which imposed a fine of $150 and court costs. Based upon what S.D. had already paid, the entry stated that no balance on the fine or court costs was due, and that, in fact, S.D. was owed a $100 refund. According to the record, that refund has been accomplished.[2]

{¶ 5} On September 23, 2019, S.D. filed an application under R.C. 2953.32 requesting the trial court to issue an order sealing the record of the disorderly conduct conviction. The trial court, without conducting a hearing, overruled the application, based upon its conclusion that the application had been filed prematurely. This appeal followed.

## Analysis

{¶ 6} S.D. asserts two assignments of error as follows:

THE OAKWOOD MUNICIPAL COURT ERRED BY FAILING TO SET AND HOLD A HEARING, AND DENIED [S.D.] DUE PROCESS OF LAW BY FAILING TO GIVE NOTICE THAT THE COURT INTENDED TO ACT WITHOUT HOLDING A HEARING, IN VIOLATION OF R.C. §2953.32.

[S.D.] WAS DENIED DUE PROCESS OF LAW BY THE TRIAL COURT'S DELAY IN RESENTENCING WITHOUT EXPLANATION, RESULTING IN A HARSHER SENTENCE MOTIVATED BY VINDICTIVENESS.

{¶ 7} A defendant convicted of a misdemeanor may apply to the sentencing court

---

[2] Since the record reflects that the fine and court costs have been paid, S.D.'s motion to supplement the record with such proof is overruled.

to seal the record of the conviction one year after the defendant's "final discharge" from the conviction. R.C. 2953.32(A)(1)(c). R.C. 2953.32(B) provides that when an application to seal the record is filed, the trial court "must conduct a hearing to determine whether [the] application * * * is appropriately granted or not." *State v. L.L.*, 2d Dist. Clark No. 2016-CA-74, 2017-Ohio-5489, ¶ 5. A trial court's failure to conduct a hearing requires reversal of the trial court's judgment. *Id.*, citing *State v. D.L.*, 2d Dist. Montgomery No. 26394, 2015-Ohio-1664; *State v. Hutchen*, 191 Ohio App.3d 388, 2010-Ohio-6103, 946 N.E.2d 270 (2d Dist.).

{¶ 8} Oakwood concedes that the trial court erred by not conducting a hearing on S.D.'s application, and states that "the proper remedy is [for this court] to reverse and remand so that a hearing [on the application] can be scheduled [and then conducted]." Though error is conceded and, given the circumstances, accepted by this court, the trial court's decision not to conduct a hearing was understandable based upon the trial court's conclusion that S.D.'s application was filed before the final discharge had occurred. But, based upon the concession, the first assignment of error is sustained, and the case remanded so that a hearing on S.D.'s application may be conducted.[3]

---

[3] The trial court's decision overruling S.D.'s application concluded that the final discharge occurred when the resentencing entry was filed on September 13, 2019. S.D. argues the final discharge occurred when he paid the fine, which he suggests occurred "no later than June 11, 2018." Thus, by S.D.'s reckoning, the application filed on September 23, 2019 was filed more than one year after his final discharge from the disorderly conduct conviction. Final discharge occurs when all sentencing sanctions have been completed. A fine must be paid before final discharge occurs, but unpaid court costs do not prevent a final discharge. *State v. T.M.*, 8th Dist. Cuyahoga No. 101194, 2014-Ohio-5688, ¶ 15. Since the trial court at resentencing could only impose a sentence that had already been completed, S.D.'s argument seems sound. *See State v. Wagner*, 12th Dist. Clermont No. CA93-01-003, 1993 WL 192915 (June 7, 1993). But, given Oakwood's concession, resolution of the issue is not required. In any event, the passage of time has all but resolved the issue.

{¶ 9} S.D.'s second assignment of error asserts that the five-month delay between the remand and resentencing was evidence that the trial court acted vindictively toward him. The delay, without more, was not evidence of vindictiveness, and the record does not otherwise suggest the trial court harbored any ill will toward S.D. Further, S.D. does not suggest a remedy other than a reversal and remand so that a hearing on the application may be conducted. S.D.'s second assignment of error is overruled.

## Conclusion

{¶ 10} S.D.'s first assignment of error is sustained, but the second assignment of error is overruled. The judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.

Copies sent to:

Robert F. Jacques
John R. Folkerth, Jr.
Hon. Margaret M. Quinn