CITY OF EUCLID, Appellee,

v.

EL–ZANT, Appellant.

[Cite as *Euclid v. El-Zant* (2001), 143 Ohio App.3d 545.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78191.

Decided May 21, 2001.

*Richard Wiegand,* Euclid Prosecuting Attorney, for appellee.

*Carol R. Gedeon* and *Scott D. White,* for appellant.

JAMES D. SWEENEY, Presiding Judge.

Monzer El–Zant appeals from an order of the Euclid Municipal Court denying his motion to seal the record of his conviction for assault, a misdemeanor in the first degree. The court denied his motion based on its view that R.C. 2953.36 precludes expungement of offenses of violence that are misdemeanors of the first degree. After reviewing the language of R.C. 2953.36, we have concluded that it does not preclude expungement of first-time misdemeanor assault convictions. Accordingly, we reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.

The record before us reveals that, on March 27, 1998, El–Zant pled no contest to assault, a first-degree misdemeanor, in violation of Euclid Codified Ordinance 537.02(A). The court found him guilty and sentenced him to sixty days in jail, fined him $350 and costs, and placed him on one year of inactive probation.

Thereafter, on February 27, 2000, El–Zant filed a motion for expungement of his conviction in accordance with R.C. 2953.32. In a judgment entry filed on May 22, 2000, the trial court denied this motion, stating:

"Case called for hearing on defendant's motion for expungement of record.

"Pursuant to Ohio Revised Code, section 2953.36, this conviction of an offense of violence is not subject to the provisions of Ohio Revised Code, sections 2953.31 through 2953.35.

"Therefore, defendant's motion is overruled."

El–Zant filed a timely notice of appeal with this court, presenting two assignments of error for our review. We will initially address the second assignment of error because it is dispositive of this appeal:

"II. The trial court erred in denying appellant's motion to seal criminal record, by failing to construe Ohio Revised Code Section 2953.36 to include a record of conviction under the Euclid ordinance for assault as a conviction which may be sealed."

In the second assignment of error, El–Zant urges that the trial court misconstrued R.C. 2953.36(C) when it found that this statute precluded the expungement of misdemeanor assault convictions. To fully comprehend El–Zant's claim, it is necessary to analyze R.C. 2953.36(C), as amended effective March 23, 2000. That subsection states:

"Sections 2953.31 to 2953.35 of the Revised Code do not apply to any of the following:

"* * *

"(C) Convictions of an offense of violence when the offense is a misdemeanor of the first degree or a felony *and when the offense is not a violation of section 2917.03 of the Revised Code and is not a violation of section 2903.13, 2917.01 or 2917.31 of the Revised Code that is a misdemeanor of the first degree.*" (Emphasis added.)

At the outset, we recognize that this statute is difficult to interpret because it is written in the negative, *i.e.*, it states that the expungement provisions of the Revised Code do not apply to certain categories of offenses. The first part of subsection (C) precludes from expungement offenses of violence that are misdemeanors of the first degree or felonies. If that were the entire context of subsection (C), then the expungement provisions would not apply to any offense falling under those general classifications, and because El–Zant's assault conviction is a violent offense and a misdemeanor of the first degree, the determination of the trial court would have been correct.

However, subsection (C) then conjunctively excepts four specific violent offenses from the general preclusion: riot (R.C. 2917.03), and misdemeanor violations of assault (R.C. 2903.13), inciting violence (R.C. 2917.01), and inducing panic (R.C. 2917.31). In this case, El–Zant has been convicted of first degree misdemeanor assault, in violation of a city ordinance substantially similar to R.C. 2903.13. After analyzing R.C. 2953.36(C), we have concluded that a misdemeanor assault conviction is eligible for expungement consideration by the trial court because it is one of the specifically excluded offenses excepted from the application of subsection (C).

Based upon the foregoing, this assignment of error is well taken, and we therefore reverse the judgment of the trial court and remand this cause for further proceedings.

"I. The trial court erred in denying appellant's motion to seal criminal record, by failing to apply Ohio Revised Code Section 2953.36 as it was in effect at the time appellant filed the motion."

In his first assignment of error, El–Zant urges that the application of R.C. 2953.36(C) to his case violates the constitutional prohibition against retroactive legislation. Our disposition of the second assignment of error renders this argument moot, and, pursuant to App.R. 12(A)(1)(c), we decline to address it.

The judgment is reversed and the cause is remanded.

*Judgment accordingly.*

KILBANE and O'DONNELL, JJ., concur.