CITY OF DAYTON, Appellee,

v.

P.D., Appellant.

[Cite as *Dayton v. P.D.,* 149 Ohio App.3d 684, 2002-Ohio-5589.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 19280.

Decided Oct. 18, 2002.

Patrick J. Bonfield, Acting Director of Law, and Deirdre Logan, Chief Prosecutor, for appellee.

Richard Hempfling, for appellant.

BROGAN, Judge.

{¶ 1}  P.D. appeals from the judgment of the Dayton Municipal Court wherein the court refused to expunge her conviction for assault, a misdemeanor of the first degree in violation of Section 135.03(A) of the Revised Code of General Ordinances of the City of Dayton.

{¶ 2}  The trial court denied P.D.'s application apparently without a hearing after the court concluded that she was ineligible for an expungement of her assault conviction because R.C. 2953.32 and R.C. 2953.36 preclude expungements "for convictions of an offense of violence of the first degree."

{¶ 3}  P.D. contends in her sole assignment of error that the trial court misread R.C. 2953.36(C), which governs when expungement is precluded. That statute provides that expungement is precluded for:

{¶ 4}  "Convictions of an offense of violence when the offense is a misdemeanor of the first degree or a felony and when the offense is not a violation of section 2917.03 [riot] of the Revised Code and is not a violation of section 2903.13 [assault], 2917.01 [inciting to violence] or 2917.31 [inducing panic] of the Revised Code that is a misdemeanor of the first degree."

{¶ 5} P.D. admits that the statute is not a model of clarity, but she submits that the first part of R.C. 2953.36(C) states the general proposition that expungement is precluded for convictions of the first degree misdemeanor offenses of violence, but the remainder can only be read to state exceptions to such general preclusion, one of which is for first degree misdemeanor convictions.

{¶ 6} In support of her argument, she directs our attention to *Euclid v. El–Zant* (2001), 143 Ohio App.3d 545, 758 N.E.2d 700, which supports her argument as made. The state agrees with the appellant's interpretation of R.C. 2953.36(C), but argues that the trial court properly denied expungement of P.D.'s conviction because her victim was under the age of eighteen and expungement should have been denied on that basis, relying on R.C. 2953.36(D). The state argues that R.C. 2953.02 provides for a mandatory hearing when a first offender applies to the court for an expungement of his record. The state argues that if it had received notice of the hearing it would have provided evidence that P.D.'s victim in her assault conviction was under eighteen years of age and that would have provided a legitimate basis for the court's denial of the application. We agree with the reasoning of the Eighth Appellate District in *Euclid v. El–Zant,* supra, that expungement is not precluded when the applicant is a first offender and the applicant's conviction is a first degree misdemeanor assault. We agree, however, with the state that the trial court erred in not complying with the provisions of R.C. 2953.32(B). That section provides as follows:

{¶ 7} "(B) Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons for believing a denial of the application is justified. The court shall direct its regular probation officer, a state probation officer, or the department of probation of the county in which the applicant resides to make inquiries and written reports as the court requires concerning the applicant."

{¶ 8} P.D. filed her application on February 15, 2002, and served a copy of her application on the prosecutor by ordinary mail. The trial court denied P.D.'s application on February 28, 2002, without a hearing and without providing any notice that it intended to act on the application without a hearing. Accordingly, we will remand this matter to the trial court so that the trial court can comply with the statutory provisions of R.C. 2953.32(B). The state may then present evidence that P.D.'s victim was under eighteen years of age and thus she was precluded from having her assault conviction expunged. The assignment of error is sustained in part.

{¶ 9} The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

FAIN and FREDERICK N. YOUNG, JJ., concur.