OPINION
{¶ 1} Defendant-appellant, Anthony S. Leach, appeals the common pleas court's denial of his motion for reconsideration.
 {¶ 2} Leach was convicted and sentenced on three counts of rape and one count of gross sexual imposition in 2000. See State v. Leach,
Clermont App. No. CA2000-05-033, 2001-Ohio-4203, discretionary appeal not allowed, 92 Ohio St.3d 1428, 2001-Ohio-4573.
 {¶ 3} In 2003, Leach filed several motions for the production of medical records, all of which the trial court denied. On November 24, 2003, Leach moved the trial court to clarify the record and specify whether it had reviewed certain records during the course of the trial. The trial court denied this motion. On December 29, 2003, Leach filed an amended motion for clarification of the record. The trial court treated this motion as a motion for reconsideration and denied it by entry dated January 5, 2004. In the same entry, the court also denied Leach's November 10, 2003 motion to reconsider the denial of his earlier request for the production of medical records. It is from this January 5 entry that Leach appeals.
 {¶ 4} As his sole assignment of error, Leach claims the trial court denied his constitutional right to due process and compulsory process by denying his amended motion for clarification.
 {¶ 5} The trial court concluded, and we agree, that Leach's December 29 motion was a motion for reconsideration.[1] In addition, the January 5 entry denying this motion is the only entry that has been timely appealed to this court.
 {¶ 6} There is no authority for filing a motion for reconsideration of a final judgment at the trial court level in a criminal case. State v.Vanelli, Wayne App. No. 02CA0066, 2003-Ohio-2717; Cleveland Heights v.Richardson (1983), 9 Ohio App.3d 152. See, also, State v. Harbert,
Summit App. No. 20955, 2002-Ohio-6114, ¶ 24. A motion for reconsideration of a final judgment is a nullity. Vanelli at ¶ 8, citingHarbert at ¶ 24-25. Because a judgment entered on a motion for reconsideration is also a nullity, a party cannot appeal such a judgment. Id.
 {¶ 7} After the court denied Leach's November 24 motion for clarification, he filed another motion, the obvious purpose of which was to have the trial court reconsider its denial of his motion for clarification. Since a judgment on a motion for reconsideration is a nullity and not a final appealable order, we lack jurisdiction to entertain an appeal from an order denying a motion for reconsideration.[2] See Vanelli.
 {¶ 8} Leach failed to appeal from a final appealable order. Accordingly, the appeal must be dismissed for lack of jurisdiction.
 {¶ 9} Appeal dismissed.
Young, P.J., and Valen, J., concur.
Valen, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution. At the time this case was submitted, Judge Valen was a duly elected judge of the Twelfth District Court of Appeals.
[1] Although Leach styled his motion as an "Amended Motion for Clarification of the Record," the designation a party gives a motion is not controlling. Rather, the motion's content determines how it is to be considered. State v. Workman, Butler CA2002-12-302, 2003-Ohio-4242, at ¶ 6. Having reviewed the motion, we are convinced that it simply asks the trial court to reconsider its earlier judgment denying appellant's motion for clarification.
[2] For the same reasons, Leach cannot appeal that portion of the January 5 judgment entry denying his motion to reconsider the denial of his request for the production of medical records.