OPINION
{¶ 1} Defendant-appellant, Peter Ventura, appeals the decision of the Butler County Court of Common Pleas denying his application for the expungement of his conviction for assault on a police officer. We affirm the common pleas court's decision.
 {¶ 2} In June 1999, a jury convicted appellant of assault on a police officer, a fourth-degree felony. The common pleas court subsequently sentenced appellant to three years of community control.
 {¶ 3} Appellant was discharged from community control in October 2001. In August 2004, appellant filed an application in the common pleas court for the expungement of his assault conviction. In January 2005, the court summarily denied appellant's application, finding that appellant was ineligible for expungement under R.C. 2953.36(C). Upon request by appellant to reconsider its decision, the court scheduled a hearing. The parties subsequently filed memoranda on the issue. In March 2005, the common pleas court issued a decision, again denying appellant's application. The court determined that while R.C. 2953.36(C) gave the court the authority to expunge misdemeanor assault convictions, the statute did not give the court the authority to expunge felony assault convictions.
 {¶ 4} Appellant now appeals the common pleas court's decision, assigning one error as follows: "The trial court erred in denying appellant's motion to seal his record of conviction, by misinterpreting R.C. 2953.36(C), which allows for sealing a record of conviction of R.C. 2903.13."
 {¶ 5} As a preliminary matter, we note that "[t]here is no authority for filing a motion for reconsideration of a final judgment at the trial court level in a criminal case." State v. Leach, Clermont App. No. CA2004-02-011, 2005-Ohio-2370, at ¶ 6, citing City of Cleveland Heightsv. Richardson (1983), 9 Ohio App.3d 152. A motion for reconsideration of a trial court's final judgment is a nullity. Leach at ¶ 6. Nevertheless, the common pleas court entertained appellant's motion in order to clarify its decision. We therefore address appellant's appeal from that decision on the merits.
 {¶ 6} Pursuant to R.C. 2935.32(A)(1), a "first offender" may apply to the sentencing court, or a common pleas court if convicted in another state or in federal court, for the sealing of the offender's conviction. A "first offender" may file such an application at the expiration of three years after the offender's final discharge if convicted of a felony, or at the expiration of one year after the offender's final discharge if convicted of a misdemeanor. R.C. 2935.32(A)(1). The granting or denying of the application rests within the sound discretion of the sentencing court, and the sentencing court's decision will not be reversed absent an abuse of discretion. See State v. Haney (1991),70 Ohio App.3d 135, 138.
 {¶ 7} R.C. 2953.36 sets forth certain convictions to which the expungement procedures do not apply. R.C. 2953.36(C) states that the expungement procedures do not apply to the following convictions: "convictions of an offense of violence when the offense is a misdemeanor of the first degree or a felony and when the offense is not a violation of section 2917.03 [riot] of the Revised Code[1] and is not a violation of section 2903.13 [assault], 2917.01 [inciting violence] or 2917.31 [inducing panic] of the Revised Code that is a misdemeanor of the first degree."
 {¶ 8} Appellant argues that the concluding clause of R.C. 2953.36(C), "that is a misdemeanor of the first degree," only modifies "2917.31," and does not modify "2903.13" or "2917.01." According to appellant, a sentencing court can expunge both first-degree misdemeanor and felony convictions under R.C. 2903.13 and R.C. 2917.01, but only first-degree misdemeanor convictions under R.C. 2917.31. Because appellant was convicted of felony assault under R.C. 2903.13, appellant argues that the common pleas court was authorized to expunge the conviction.
 {¶ 9} The state argues that the clause, "that is a misdemeanor of the first degree," modifies "2903.13," "2917.01," and "2917.31." According to the state, a sentencing court can expunge first-degree misdemeanor convictions under any of those three sections, but cannot expunge felony convictions under any of those sections.
 {¶ 10} "The primary goal of statutory construction is to give effect to the intent of the legislature." State v. Wilson, 77 Ohio St.3d 334, 336,1997-Ohio-35. "In determining legislative intent, the court first looks to the language in the statute and the purpose to be accomplished." Stateex rel. Purdy v. Clermont Cty. Bd. of Elections, 77 Ohio St.3d 338, 340,1997-Ohio-278.
 {¶ 11} After reviewing R.C. 2953.36(C), we conclude that the statute, while not artfully drafted, dictates that the common pleas court could not expunge appellant's felony assault conviction. Pursuant to R.C.2953.36(C), appellant's assault conviction was an offense of violence as defined in R.C. 2901.01(A)(9); it was a felony; it was not a violation of the riot statute (R.C. 2917.03); and it was not a first-degree misdemeanor violation of the assault statute (R.C. 2903.13), the inciting violence statute (R.C. 2917.01), or the inducing panic statute (R.C.2917.31). We find that the clause, "that is a misdemeanor of the first degree," modifies the word, "violation," and therefore applies to R.C.2903.13, R.C. 2917.03, and R.C. 2917.31. Accordingly, the statute removes from the "offense of violence" exception to the expungement procedures a "violation of section 2903.13, 2917.01 or 2917.31 of the Revised Codethat is a misdemeanor of the first degree." (Emphasis added.)
 {¶ 12} Our construction of R.C. 2953.36(C) shows an intent by the legislature to authorize expungement for a few specific first-degree misdemeanor "offenses of violence," while not authorizing expungement for any felony "offenses of violence." Appellant's construction of the statute would grant courts the authority to expunge two felony "offenses of violence," assault and inciting violence, while not authorizing expungement for any of the other 31 felony "offenses of violence" listed in R.C. 2901.01(A)(9). Such a result is not consistent with a careful reading of the statute's language nor is it consistent with the apparent purpose of the statute. Our construction of the statute is consistent with the conclusion reached by the court of appeals in City of Euclid v.El-Zant (2001), 143 Ohio App.3d 545, 547.
 {¶ 13} Accordingly, we find no error in the common pleas court's decision. The court did not have the authority to expunge appellant's felony assault conviction. We overrule appellant's sole assignment of error.
 {¶ 14} Judgment affirmed.
Walsh and Bressler, JJ., concur.
[1] The offense of "riot" is a first-degree misdemeanor.