[Cite as *State v. Klempay*, 2011-Ohio-2643.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 10 MA 129 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| MARK KLEMPAY, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:          Criminal Appeal from County Court
                                   No. 4, Case No. 08 CR 8464.


JUDGMENT:                          Reversed and Remanded.


APPEARANCES:
For Plaintiff-Appellee:            Attorney Paul J. Gains
                                   Prosecuting Attorney
                                   Attorney Ralph M. Rivera
                                   Assistant Prosecuting Attorney
                                   21 W. Boardman St., 6th Floor
                                   Youngstown, OH  44503


For Defendant-Appellant:           Attorney Jeffrey A. Kurz
                                   42 N. Phelps Street
                                   Youngstown, OH  44503


JUDGES:
Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich


                                   Dated:  May 20, 2011


DeGenaro, J.

{¶1}   Defendant-Appellant, Mark Klempay, appeals the July 14, 2010 judgment of Mahoning County Court No. 4, denying his application to expunge his misdemeanor assault conviction.  Klempay argues that the trial court erred by concluding that R.C. 2903.13 misdemeanor assault convictions are ineligible for expungement.  The State has filed a "Confession of Judgment," conceding that the trial court erred.

{¶2}   Upon review, Klempay's assignment of error is meritorious.  Although R.C. 2953.26 provides generally that convictions for felony and misdemeanor crimes of violence may not be sealed, it provides four exceptions to that rule, one of which is for misdemeanor assault convictions.  Accordingly, the judgment of the trial court is reversed and the case is remanded for further proceedings.

### Facts and Procedural History

{¶3}   On June 16, 2008 following a guilty plea, Klempay was convicted of one count of assault, a first-degree misdemeanor (R.C. 2903.13(A)) and sentenced accordingly.  On April 19, 2010, Klempay filed an application to seal all records regarding that conviction.   He claimed he was entitled to expungement because he met the requirements contained in R.C. 2953.32(C)(1).   Specifically, that he had served his sentence (community control) for the misdemeanor assault, he was a first-time offender, had no criminal charges pending, and that his interests in having the records sealed outweighed the legitimate goal of the government to maintain those records. Klempay requested a hearing on the application.  All records checks were returned to the court indicating that Klempay had no convictions other than the assault and no pending charges.  The State did not file an objection to the application to seal records.

{¶4}   The case came for hearing on July 7, 2010, and according to the appearances page on the transcript, the prosecutor attended the hearing, but stood silent. Klempay testified that he had no criminal charges pending anywhere in the state of Ohio or elsewhere, and since his assault conviction he had not been arrested or charged with any other offenses.

{¶5}   The trial court then expressed its concern that assault is not an expungeable offense under the statute.   Klempay's counsel argued to the contrary.

Specifically, counsel contended that although offenses of violence are generally ineligible for expungement pursuant to R.C. 2953.36(C), this section provides an exception for several offenses, including misdemeanor assault.

{¶6} In a July 14, 2010 judgment entry, concluding that a conviction under 2903.13 cannot be expunged, the trial court denied Klempay's motion. After Klempay filed his brief, the State filed a "Confession of Judgment," conceding that the trial court erred by concluding that Klempay's conviction was ineligible for expungement.

### Eligibility for Expungement

{¶7} In his sole assignment of error, Klempay asserts:

{¶8} "The Trial Court erred when it found that a first time misdemeanor assault conviction under ORC §2903.13 is not expungeable, because that exact criminal charge was made expressly expungeable under ORC §2953.36(C)."

{¶9} Where, as here, a court bases its expungement decision solely on interpretation of the law, an appellate court reviews that determination de novo. *State v. Campbell*, 9th Dist. No. 24919, 2010-Ohio-128, at ¶5, citing, *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 498, at ¶6-7.

{¶10} R.C. 2953.36 precludes from sealing, inter alia, "[c]onvictions of an offense of violence when the offense is a misdemeanor of the first degree or a felony and when the offense is not a violation of section 2917.03 of the Revised Code and is not a violation of section 2903.13, 2917.01 or 2917.31 of the Revised Code that is a misdemeanor of the first degree." R.C. 2953.36(C).

{¶11} R.C. 2901.01(A)(9) provides that, an "offense of violence" includes violations of R.C. 2903.13, which is the assault statute. Thus, if R.C. 2953.36(C) had precluded "[c]onvictions of an offense of violence when the offense is a misdemeanor of the first degree or a felony," *and nothing more*, then certainly all assault convictions under R.C. 2903.13 would be precluded from expungement. However, the statute contains four exceptions from this prohibition from expungement, one of which is first-degree misdemeanor violations of R.C. 2903.13.

{¶12} Other appellate courts have reached the same conclusion. In *Euclid v. El-*

*Zant* (2001), 143 Ohio App.3d 545, 546-547, 758 N.E.2d 700, a case relied upon by both parties, the Eighth District employed a similar analysis to conclude that El-Zant's conviction of first degree misdemeanor assault, in violation of a city ordinance substantially similar to R.C. 2903.13, was not precluded from expungement:

{¶13} "At the outset, we recognize that [R.C. 2953.36(C)] is difficult to interpret because it is written in the negative, i.e., it states that the expungement provisions of the Revised Code do not apply to certain categories of offenses. The first part of subsection (C) precludes from expungement offenses of violence that are misdemeanors of the first degree or felonies. If that were the entire context of subsection (C), then the expungement provisions would not apply to any offense falling under those general classifications, and because El-Zant's assault conviction is a violent offense and a misdemeanor of the first degree, the determination of the trial court would have been correct.

{¶14} However, subsection (C) then conjunctively excepts four specific violent offenses from the general preclusion: riot (R.C. 2917.03), and misdemeanor violations of assault (R.C. 2903.13), inciting violence (R.C. 2917.01), and inducing panic (R.C. 2917.31). In this case, El-Zant has been convicted of first degree misdemeanor assault, in violation of a city ordinance substantially similar to R.C. 2903.13. After analyzing R.C. 2953.36(C), we have concluded that a misdemeanor assault conviction is eligible for expungement consideration by the trial court because it is one of the specifically excluded offenses excepted from the application of subsection (C)." *El-Zant* at 547.

{¶15} Other courts have followed *El-Zant*. See *Dayton v. P.D.*, 149 Ohio App.3d 684, 2002-Ohio-5589, 778 N.E.2d 648 (Second District): "We agree with the reasoning of the Eighth Appellate District in *Euclid v. El-Zant*, supra, that expungement is not precluded when the applicant is a first offender and the applicant's conviction is a first degree misdemeanor assault." Id. at ¶6. See, also, *State v. Hernandez*, 10th Dist. No. 05AP-326, 2005-Ohio-6101, at ¶7-8 (agreeing with reasoning in *El-Zant*, holding that appellant's *felony* assault conviction was not a listed exception and therefore ineligible for expungement); *State v. Ventura*, 12th Dist. No. CA2005-03-079, 2005-Ohio-5048, at ¶10-

12 (agreeing with reasoning in *El-Zant*, holding that appellant's *felony* assault on a police officer conviction was not a listed exception and therefore ineligible for expungement).

{¶16} The reasoning of our sister districts is sound. Thus, Klempay's sole assignment of error is meritorious. The judgment of the trial court is reversed, and the cause remanded for further proceedings, including a determination by the trial court of whether Klempay's assault conviction—which is *eligible* for expungement—meets all the other expungement criteria pursuant to R.C. 2953.32(C)(1).

Waite, P.J., concurs.

Vukovich, J., concurs.