[Cite as *State v. K.T.*, 2017-Ohio-8748.]

IN THE COURT OF APPEALS OF OHIO

TENMENT APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 17AP-299 |
| v. | : | (C.P.C. No. 16EP-884) |
| [K.T.], | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on November 30, 2017

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellant. **Argued:** *Barbara A. Farnbacher*.

**On brief:** *Andrew P. Avellano*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals from the April 3, 2017 judgment of the Franklin County Court of Common Pleas, granting the application filed by defendant-appellee, K.T., to seal the record of her prior conviction. For the following reasons, we reverse.

**I. Facts and Procedural History**

{¶ 2} In November 2011, the state filed an indictment against K.T. alleging she committed felonious assault, in violation of R.C. 2903.11, a felony of the second degree. On May 30, 2012, K.T. entered a guilty plea to a stipulated lesser offense of assault, in violation of R.C. 2903.13, a felony of the fourth degree. On July 13, 2012, the trial court sentenced K.T. to two years of community control. On July 31, 2013, community control was terminated early in accordance with R.C. 2951.09. The court found that K.T. had

"adjusted satisfactorily and * * * complied with the terms of probation."  (July 31, 2013 Entry.)

{¶ 3}   On December 30, 2016, K.T. filed an application to seal the record of her assault conviction pursuant to R.C. 2953.32.  Along with the application, K.T. included a letter in which she expressed to the court her sincere remorse for having injured the victim of her crime, her acknowledgment that she had made a poor choice in acting as she did, and her assurance that she has learned from her mistake.  K.T. stated she has "deeply apologized to [the victim] for [her] actions, and hope[s] that she too can one day find it in her heart to forgive [K.T.] for [her] poor choice."  (Dec. 30, 2016 App. for Expungement, attachment.)   K.T. also informed the court that since her conviction she has earned an Associate's Degree in business management, is working toward her Bachelor's Degree in criminal justice, and has completed real estate courses in hopes of becoming a real estate agent.  She further informed the court that she is active in her church, committed to volunteering with non-profit organizations, and working to become a positive role model. K.T. detailed that as a result of her conviction, she lost her employment, is prevented from fully assisting with coaching her daughters' cheerleading squad, and that an offer of future employment with a real estate agency is "pending the expungement of [her] criminal record." (Dec. 30, 2016 App. for Expungement, attachment.)  K.T. attached several letters in support from a leader of the non-profit organization with which she volunteers, her daughters' cheerleading coach, and a family friend who wrote of K.T.'s love and care for her own children as well as for their half-sibling.  K.T. also attached her academic records and certificates of completion.

{¶ 4}   On March 14, 2017, the state objected to K.T.'s application on the basis she did not meet the legal criteria for sealing of the record because, pursuant to R.C. 2953.36(A)(3) and 2901.01(A)(9)(a), her conviction was for an offense of violence.

{¶ 5}   On March 28, 2017, the trial court conducted a hearing.  At the hearing, K.T. explained that she could not get her real estate license with this conviction on her record. The court acknowledged that K.T. had been convicted of an offense of violence and, therefore, did not meet the criteria for sealing of the record.   Nevertheless, the court granted K.T.'s application to seal the record noting that K.T. had "done more that what's

required of a person to show that they have learned and recovered from the experience that [she] put [herself in]." (Tr. at 6.) The court specifically found the following:

> Number one, the Court finds that this record is causing hardship on you and creating a situation that--where its impeding your ability to earn a living and to receive a license to pursue your career goals.
>
> The Court further finds that based upon the information provided to the Court that you have taken steps to rehabilitate yourself from what occurred during the course of this incident that occurred back in 2011, 2010.
>
> And based upon that, the Court finds that it's appropriate to grant you the expungement so that you will have the opportunity to pursue your career goals unimpeded by an indiscretion that occurred more than five years ago.

(Tr. at 6-7.) The court observed the state would probably appeal.

## II. Assignment of Error

{¶ 6} The state appealed and assigns the following single assignment of error for our review:

> THE TRIAL COURT ERRED WHEN IT GRANTED AN APPLICATION TO SEAL A CONVICTION OF AN "OFFENSE OF VIOLENCE," IN CONTRAVENTION OF R.C. 2953.36(A)(3).

## III. Discussion

{¶ 7} In its assignment of error, the state argues the trial court erred when it granted K.T.'s application to seal the record of her conviction. More specifically, the state asserts K.T. was not eligible to have the record of her conviction sealed and, thus, the trial court erred as a matter of law when it granted K.T.'s application.

{¶ 8} Expungement " ' "is an act of grace created by the state" and so is a privilege, not a right.' " *In re Koehler*, 10th Dist. No. 07AP-913, 2008-Ohio-3472, ¶ 14, quoting *State v. Simon*, 87 Ohio St.3d 531, 533 (2000), quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639 (1996). In Ohio, "expungement" remains a common colloquialism used to describe the process of sealing criminal records pursuant to statutory authority. *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, ¶ 11. Pursuant to R.C. 2953.32(A)(1), "an eligible offender may apply to the sentencing court * * * for the sealing of the record of the

case that pertains to the conviction." A court may grant the expungement only when the applicant meets all statutory requirements for eligibility. *State v. Brewer*, 10th Dist. No. 06AP-464, 2006-Ohio-6991, ¶ 5, citing *In re White*, 10th Dist. No. 05AP-529, 2006-Ohio-1346, ¶ 4-5. Where the offender was convicted of a felony, "[a]pplication may be made at the expiration of three years after the offender's final discharge." R.C. 2953.32(A)(1).

{¶ 9} "There is no burden upon the state other than to object to an application for expungement where appropriate." *State v. Reed*, 10th Dist. No. 05AP-335, 2005-Ohio-6251, ¶ 13. "Applicants whose conviction falls within any category of R.C. 2953.36 are ineligible for expungement." *State v. Menzie*, 10th Dist. No. 06AP-384, 2006-Ohio-6990, ¶ 7, citing *Simon* at 533. As relevant here, an offender is not eligible for expungement with respect to a conviction "of an offense of violence when the offense is a misdemeanor of the first degree or a felony." R.C. 2953.36(A)(3).

{¶ 10} An appellate court generally reviews a trial court's disposition of an application to seal a record of conviction under an abuse of discretion standard. *State v. Black*, 10th Dist. No. 14AP-338, 2014-Ohio-4827, ¶ 6. However, whether an applicant is considered an eligible offender is an issue of law for a reviewing court to decide de novo. *See State v. Hoyles*, 10th Dist. No. 08AP-946, 2009-Ohio-4483, ¶ 4.

{¶ 11} R.C. 2953.36 enumerates various convictions which are not eligible for sealing, and states:

> (A) Except as otherwise provided in division (B) of this section, sections 2953.31 to 2953.35 of the Revised Code do not apply to any of the following:
>
> * * *
>
> (3) Convictions of an offense of violence when the offense is a misdemeanor of the first degree or a felony and when the offense is not a violation of section 2917.03 of the Revised Code and is not a violation of section 2903.13 [assault], 2917.01 [inciting violence], or 2917.31 of the Revised Code [inducing panic] *that is a misdemeanor of the first degree*[.]

(Emphasis added.)[1]

---

[1] *See State v. Ventura*, 12th Dist. No. CA2005-03-079, 2005-Ohio-5048, ¶ 11-12, regarding interpretation of reference to R.C. 2903.13 in R.C. 2953.36(A)(3), formerly 2953.36(C). The Twelfth District held:

{¶ 12} R.C. 2901.01(A)(9)(a) provides that "[a]s used in the Revised Code," the term "[o]ffense of violence" means any of the following: "[a] violation of section * * * 2903.13." Thus, because R.C. 2901.01 defines assault as an offense of violence for purposes of the Ohio Revised Code, and R.C. 2953.36(A)(3) exempts only misdemeanor assault, the state asserts that R.C. 2953.36(A)(3) prohibits K.T. from sealing the record of her felony of the fourth degree assault conviction.[2] We agree with the state.

{¶ 13} Recently, in *State v. V.M.D.*, 148 Ohio St.3d 450, 2016-Ohio-8090, ¶ 17, the Supreme Court of Ohio noted as follows:

> The process of sealing a record of conviction does not consist of the general evaluation of a person's soul—it is statutory. Because the record of his conviction is prohibited from being

---

After reviewing R.C. 2953.36(C), we conclude that the statute, while not artfully drafted, dictates that the common pleas court could not expunge appellant's felony assault conviction. Pursuant to R.C. 2953.36(C), appellant's assault conviction was an offense of violence as defined in R.C. 2901.01(A)(9); it was a felony; it was not a violation of the riot statute (R.C. 2917.03); and it was not a first-degree misdemeanor violation of the assault statute (R.C. 2903.13), the inciting violence statute (R.C. 2917.01), or the inducing panic statute (R.C. 2917.31). We find that the clause, "that is a misdemeanor of the first degree," modifies the word, "violation," and therefore applies to R.C. 2903.13, R.C. 2917.03, and R.C. 2917.31. Accordingly, the statute removes from the "offense of violence" exception to the expungement procedures a "*violation* of section 2903.13, 2917.01 or 2917.31 of the Revised Code *that is a misdemeanor of the first degree.*" (Emphasis added.)

Our construction of R.C. 2953.36(C) shows an intent by the legislature to authorize expungement for a few specific first-degree misdemeanor "offenses of violence," while not authorizing expungement for any felony "offenses of violence." Appellant's construction of the statute would grant courts the authority to expunge two felony "offenses of violence," assault and inciting violence, while not authorizing expungement for any of the other 31 felony "offenses of violence" listed in R.C. 2901.01(A)(9). Such a result is not consistent with a careful reading of the statute's language nor is it consistent with the apparent purpose of the statute. Our construction of the statute is consistent with the conclusion reached by the court of appeals in *City of Euclid v. El-Zant* (2001), 143 Ohio App.3d 545, 547, 758 N.E.2d 700.

[2] K.T. argues that the relevant part of the assault statute, which qualifies as a fourth-degree felony is R.C. 2903.13(C)(5). R.C. 2903.13(C)(5) states that the victim of the offense is one of the enumerated public officials who was in "the performance of their official duties" at the time of the assault. There was no allegation that the victim of K.T.'s offense was one of the enumerated public officials nor that the victim was performing an official duty. K.T. argues, therefore, that her conviction is not a lesser-included offense of R.C. 2903.11 and thereby renders her conviction a legal impossibility. K.T. further argues that her conviction is void. We decline to address the merits of this argument as no such argument was made before the trial court. Furthermore, an expungement proceeding is not the appropriate avenue for such a collateral attack on her conviction.

> sealed pursuant to [R.C. 2953.36(A)(3)], [the applicant's] rehabilitation is irrelevant in this case. There seems to be little doubt that [this applicant] has made significant personal progress * * * and that he is the type of person that Ohio's sealing statutes are designed to benefit. However, the General Assembly has left the courts no room to seal the record of [this applicant's] conviction, regardless of his being 18 when he committed the crime or the extent of his rehabilitation since his conviction. The focus in R.C. 2953.36 is on the crime committed rather than on the person who committed it. Any change in that calculus must come from the General Assembly.

We share the Supreme Court's sentiment in this case, and are compelled to find the trial court erred in granting K.T.'s application to seal the record.

## IV. Conclusion

{¶ 14} Based on the foregoing, the state's single assignment of error is sustained. As such, we reverse the judgment of the Franklin County Court of Common Pleas and remand to that court for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

KLATT and HORTON, JJ., concur.