[Cite as *State v. A.G.*, 2021-Ohio-4428.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellant, | : | No. 110132 |
| v. | : | |
| A.G., | : | |
| Defendant-Appellee. | : | |

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** December 16, 2021

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-14-588501-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brandon A. Piteo, Assistant Prosecuting Attorney, *for appellant.*

John B. Gibbons, *for appellee.*

ON RECONSIDERATION[1]

ANITA LASTER MAYS, J.:

**{¶ 1}** Pursuant to App.R. 26(A)(1)(a), appellant, state of Ohio ("the state"), has filed an application for reconsideration of this court's opinion in *State v. A.G.*, 8th Dist. Cuyahoga No. 110132, 2021-Ohio-3460.

**{¶ 2}** The general test regarding whether to grant a motion for reconsideration under App.R. 26(A)(1)(a) "is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been." *Matthews v. Matthews*, 5 Ohio App.3d 140, 143, 450 N.E.2d 278 (10th Dist.1982).

**{¶ 3}** The state's motion argues that the court made an error in its legal analysis yet agrees with this court's decision. However, we will clarify our decision. Accordingly, we grant the motion for reconsideration, vacate the earlier opinion, and issue this opinion in its place. *See* App.R. 22(C); *see also* S.Ct. Prac.R. 7.01.

**{¶ 4}** The state appeals the trial court's decision to grant A.G.'s application to seal her criminal record. We reverse the trial court's decision and order A.G.'s record unsealed.

---

[1] The original announcement of decision *State v. A.G.*, 8th Dist. Cuyahoga No. 110132, 2021-Ohio-3460, released September 30, 2021, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. *See* App.R. 22(C); *see also* S.Ct.Prac.R. 7.01.

{¶ 5} Prior to A.G.'s record being sealed, A.G. had been convicted of five misdemeanors. In 1999, A.G. was convicted of receiving stolen property, a first-degree misdemeanor, in violation of R.C. 2913.51(A), and attempted unauthorized use of motor vehicle, a first-degree misdemeanor, in violation of R.C. 2923.02 and 2903.02. In 2002, A.G. was convicted of attempted intimidation, a first-degree misdemeanor, in violation of R.C. 2921.04. In 2014, A.G. was convicted of aggravated trespass, a first-degree misdemeanor, in violation of R.C. 2911.211(A), and assault, a first-degree misdemeanor, in violation of R.C. 2903.13(A).

## I.    Facts and Procedural History

{¶ 6} A.G. filed a motion for expungement pursuant to R.C. 2953.52 et seq. on September 15, 2020. The trial court ordered an expungement investigation report for a list of A.G.'s criminal convictions. The state received the report and filed an opposition to A.G.'s motion for expungement on November 12, 2020, arguing that A.G. was not an eligible offender pursuant to R.C. 2953.31(A)(1)(a), and thus, A.G. was not statutorily eligible to have her criminal record sealed.

{¶ 7} The trial court filed a journal entry on November 13, 2020, granting A.G.'s motion, ordering the record sealed. In its journal entry, the trial court stated that the "matter came on to be heard" and referenced the motion for expungement. The trial court stated that it considered the evidence and reasons against granting the application specified in the state's objection. The trial court found that A.G. was an eligible offender under R.C. 2953.31(A). Upon receiving the trial court's order and filing an appeal, the state requested a copy of the hearing transcript. The state

learned from the chief court reporter that no hearing related to A.G.'s case was heard on the aforementioned date.

{¶ 8} Upon learning this information, the state filed a notice of unavailability of transcripts and this court, sua sponte, instructed the state to file an amended praecipe. In response, the state filed a notice of appellant's intention to file a statement of evidence or proceedings in lieu of a transcript under App.R. 9(C). A.G. did not file an objection. On March 1, 2021, the trial court approved the App.R. 9(C) statement.

{¶ 9} The state filed this appeal assigning one error for our review:

> The trial court erred in granting A.G.'s application to seal her criminal record because she was not an eligible offender as defined by R.C. 2953.31(A)(1).

## II. Expungement and Eligible Offender

### A. Standard of Review

{¶ 10} "An appellate court generally reviews a trial court's disposition of an application to seal a record of conviction under an abuse of discretion standard." *State v. M.E.*, 8th Dist. Cuyahoga No. 106298, 2018-Ohio-4715, ¶ 6, citing *State v. Black*, 10th Dist. Franklin No. 14AP-338, 2014-Ohio-4827, ¶ 6. An abuse of discretion occurs where the trial court's decision is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 11} "However, whether an applicant is considered an eligible offender is an issue of law for a reviewing court to decide de novo." *State v. D.D.G.*, 2019-Ohio-

4982, 136 N.E.3d 1271, ¶ 13 (8th Dist.), citing *M.E.* at ¶ 7. While "expungement is a state-created act of grace and 'is a privilege, not a right,' *M.E.* at ¶ 7, quoting *State v. Simon*, 87 Ohio St.3d 531, 533, 721 N.E.2d 1041 (2000), a trial court may only grant expungement when an applicant meets all of the statutory requirements. *State v. Hamilton*, 75 Ohio St.3d 636, 640, 665 N.E.2d 669 (1996)." *Id.*, quoting *State v. Williamson*, 10th Dist. Franklin No. 12AP-340, 2012-Ohio-5384, ¶ 10. "R.C. 2953.32 governs the sealing of a record of conviction for 'eligible offenders.'" *Id.*

### B. Law and Analysis

{¶ 12} The state argues that the trial court erred when it granted A.G.'s motion for expungement of record of criminal conviction because A.G. is not an eligible offender under R.C. 2953.31(A)(1). Former R.C. 2953.31(A)(1)[2] states that an eligible offender means either:

> (a) Anyone who has been convicted of one or more offenses, but not more than five felonies, in this state or any other jurisdiction, if all of the offenses in this state are felonies of the fourth or fifth degree or misdemeanors and none of those offenses are an offense of violence or a felony sex offense and all of the offenses in another jurisdiction, if committed in this state, would be felonies of the fourth or fifth degree or misdemeanors and none of those offenses would be an offense of violence or a felony sex offense;
>
> (b) Anyone who has been convicted of an offense in this state or any other jurisdiction, to whom division (A)(1)(a) of this section does not apply, and who has not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction in this state or any other

---

[2] On April 21, 2021, pertinent to this appeal, the legislature changed "not more than two misdemeanor convictions" to "not more than four misdemeanor convictions." The version quoted above was in effect at the time of the decision at issue in this appeal.

jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.

{¶ 13} The state presents three issues for this court to consider: (1) A.G.'s conviction for misdemeanor assault is an offense of violence, (2) A.G.'s conviction for attempted intimidation is an offense of violence, and (3) A.G. has more than four misdemeanors, which all make A.G. an ineligible offender. The state's first issue is that A.G. is not an eligible offender because A.G. has been convicted of assault, which is an offense of violence.

{¶ 14} Sealing of a record involves several statutes. R.C. 2953.31 begins by stating, "As used in sections 2953.31 to 2953.36 of the Revised Code * * *." Reviewing the facts of the instant case and recognizing that assault is an offense of violence, we then review R.C. 2953.36 for exceptions to sealing of record convictions. The version of R.C. 2953.36(A)(3) in effect when A.G. sought to seal her record states

"[e]xcept as otherwise provided in division (B) of this section, sections 2953.31 to 2953.35 * * * do not apply to any of the following:"

Convictions of an offense of violence when the offense is a misdemeanor of the first degree or a felony and when the offense is not a violation of section 2917.03 of the Revised Code and is not a

violation of section 2903.13, 2917.01, or 2917.31 of the Revised Code that is a misdemeanor of the first degree.

{¶ 15} A.G. was convicted of violating R.C. 2903.13, a first-degree misdemeanor assault. However, this misdemeanor assault is excluded and therefore does not affect A.G.'s ability to seal her record as it pertains to this offense of violence.

> R.C. 2953.36 precludes from sealing, inter alia, "[c]onvictions of an offense of violence when the offense is a misdemeanor of the first degree or a felony and when the offense is not a violation of section 2917.03 of the Revised Code and is not a violation of section 2903.13, 2917.01 or 2917.31 of the Revised Code that is a misdemeanor of the first degree."

*State v. Klempay*, 7th Dist. Mahoning No. 10 MA 129, 2011-Ohio-2643, ¶ 10, quoting R.C. 2953.36(C).[3]

{¶ 16} Misdemeanor assault is an offense of violence because R.C. 2901.01(A)(9) provides that an offense of violence includes violations of R.C. 2903.13.

> Thus, if R.C. 2953.36(C) had precluded "[c]onvictions of an offense of violence when the offense is a misdemeanor of the first degree or a felony," and nothing more, then certainly all assault convictions under R.C. 2903.13 would be precluded from expungement. However, the statute contains four exceptions from this prohibition from expungement, one of which is first-degree misdemeanor violations of R.C. 2903.13.

*Id.* at ¶ 11.

---

[3] Former R.C. 2953.36(C) was codified at R.C. 2953.36(A)(3) at the time pertinent to this appeal.

**{¶ 17}** Furthermore, "subsection (C) then conjunctively excepts four specific violent offenses from the general preclusion: riot (R.C. 2917.03), and misdemeanor violations of assault (R.C. 2903.13), inciting violence (R.C. 2917.01) and inducing panic (R.C. 2917.31)." *Euclid v. El-Zant*, 143 Ohio App.3d 545, 547, 758 N.E.2d 700 (8th Dist.2001). "After analyzing R.C. 2953.36(C), we have concluded that a misdemeanor assault conviction is eligible for expungement consideration by the trial court because it is one of the specifically excluded offenses excepted from the application of subsection (C)." *Klempay* at ¶ 14, citing *El-Zant* at 547.

> Other courts have followed *El-Zant*. *See Dayton v. P.D.,* 149 Ohio App.3d 684, 778 N.E.2d 648 (2d Dist. 2002): "We agree with the reasoning of the Eighth Appellate District in *Euclid v. El-Zant*, supra, that expungement is not precluded when the applicant is a first offender and the applicant's conviction is a first degree misdemeanor assault." *Id.* at ¶ 6. *See also State v. Hernandez*, 10th Dist. No. 05AP-326, 2005-Ohio-6101, ¶ 7-8 (agreeing with reasoning in *El-Zant*, holding that appellant's felony assault conviction was not a listed exception and therefore ineligible for expungement); *State v. Ventura*, 12th Dist. No. CA2005-03-079, 2005-Ohio-5048, ¶ 10-12 (agreeing with reasoning in *El-Zant*, holding that appellant's felony assault on a police officer conviction was not a listed exception and therefore ineligible for expungement).

*Klempay* at ¶ 15.

**{¶ 18}** Clarifying our decision on this point, we agree that R.C. 2953.36 does not render misdemeanor assault nonviolent, but rather applies an exception to the general rule that a defendant is automatically not an eligible offender if they have been convicted of misdemeanor assault.

{¶ 19} The state argued that A.G. is an ineligible offender because A.G. has a conviction for misdemeanor assault. We find that the state's argument on this issue is misplaced and therefore without merit.

{¶ 20} The state's second issue is that A.G. is not an eligible offender because A.G. was convicted of attempted intimidation, in violation of R.C. 2921.04, which is an offense of violence. "The term 'offense of violence' is not defined in the specific code sections governing expungement, R.C. 2953.31 to 2953.36." *State v. R.M.*, 8th Dist. Cuyahoga No. 104327, 2017-Ohio-7396, ¶ 8. However, "[a]n 'offense of violence' is defined in R.C. 2901.01, the statute providing various terms for use in the Ohio Revised Code." *Id.* R.C. 2901.01(A)(9)(a) states that an "offense of violence" is a violation of R.C. 2921.04, and R.C. 2901.01(A)(9)(d) states that an offense of violence is "[a] conspiracy or attempt to commit, or complicity in committing, any offense under division (A)(9)(a), (b), or (c) of this section." Therefore, attempted intimidation is an offense of violence not included in the R.C. 2953.36 list of exceptions.

{¶ 21} We find that the state's second issue has merit. A.G. was convicted of an offense of violence as defined in R.C. 2901.01(A)(9)(a) and is therefore determined to be an ineligible offender. "The Ohio Supreme Court has unambiguously concluded that 'R.C. 2953.36 precludes the sealing of records of certain convictions; thus, an offender seeking to have sealed the records of conviction for an offense listed in R.C. 2953.36 is an ineligible offender' irrespective

of R.C. 2953.31." *State v. A.H.*, 8th Dist. Cuyahoga No. 108205, 2019-Ohio-5120, ¶ 7. "If R.C. 2953.36 precludes an offender from applying sections 2953.31 through 2953.35 to the particular convictions at issue, then the offender is an 'ineligible offender.'" *Id.*, citing *State v. V.M.D.*, 148 Ohio St.3d 450, 2016-Ohio-8090, 71 N.E.3d 274, ¶ 15.

{¶ 22} A.G.'s conviction for attempted intimidation precludes A.G. from being deemed an eligible offender under R.C. 2953.31(A)(1)(a). The state's third issue is that the number of A.G.'s misdemeanor offenses bars A.G. from being an eligible offender under R.C. 2953.31(A)(1)(b). A.G. has been convicted of five misdemeanors, and the statute in effect when she sought to have her record sealed states that anyone convicted of more than two misdemeanors is not an eligible offender. Therefore, A.G. is not an eligible offender under the statute.

{¶ 23} A.G. argues that this court should instruct the trial court to conduct a hearing on the issue because we do not have the benefit of a written transcription of any hearing. However, "a trial court does not need to hold a hearing when an offender is not eligible as a matter of law and that ineligibility can be established by proof or documentation included in the record." *D.D.G.*, 2019-Ohio-4982, 136 N.E.3d 1271, ¶ 25 (8th Dist.).

{¶ 24} A.G. is statutorily ineligible to have her criminal record sealed, because as explained, an attempted intimidation conviction is an offense of violence that precludes her from being an eligible offender and A.G. has more than two

misdemeanor convictions; therefore, a hearing is not required. "A hearing is not required under these circumstances for three reasons: (1) R.C. 2953.32(B)'s plain language does not require a trial court to 'hold' a hearing, (2) other appellate districts have recognized that a hearing is not necessary when an offender is not eligible for sealing as a matter of law, and (3) judicial economy." *Id.*

{¶ 25} Therefore, the state's sole assignment of error is sustained.

{¶ 26} Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MARY J. BOYLE, A.J., and
LISA B. FORBES, J., CONCUR