[Cite as *State v. Irving*, 2022-Ohio-4019.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-22-009

     Appellee                                    Trial Court No.  2021CR0389

v.

David A. Irving                                 **DECISION AND JUDGMENT**

     Appellant                                   Decided:  November 10, 2022

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Jeffrey P. Nunnari, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, David A. Irving, appeals from a judgment entered by the Wood

County Court of Common Pleas, sentencing him to serve an aggregate term of three years

in prison.  For the reasons that follow, we affirm the judgment of the trial court. The

matter is remanded to the trial court for the sole purpose of issuing a nunc pro tunc

sentencing entry that reflects the postrelease control sentence of, "up to three years, but not less than one year" that the trial court imposed at the sentencing hearing.

### Statement of the Case and Facts

{¶ 2} On August 5, 2021, appellant was indicted on one count of intimidation of an attorney, victim, or witness in a criminal case, a felony of the third degree; one count of menacing by stalking, a felony of the fourth degree; one count of theft, a felony of the fifth degree; one count of unauthorized use of a motor vehicle, a misdemeanor of the first degree; and seven counts of violating a protection order, all misdemeanors of the first degree.

{¶ 3} Appellant entered into a negotiated plea agreement whereby he would enter pleas of guilty to three of the eleven counts, with the remaining counts to be dismissed at sentencing. The specific offenses to which he would plead guilty were intimidation of an attorney, victim, or witness in a criminal case, in violation of R.C. 2921.04(B)(1) and (D), a felony of the third degree; menacing by stalking, in violation of R.C. 2903.211(A)(1) and (B)(2)(b), a felony of the fourth degree; and violation of a protection order, in violation of R.C.2919.27(A)(1), a misdemeanor of the first degree.

{¶ 4} Included in the plea agreement was the following paragraph:

> **K. Post Release Control.** In addition, a period of supervision by the Adult Parole Authority after release from prison is **XXXX** optional or ____ mandatory in this case. If I am sentenced to prison for this offense, after my prison release I ____ will or **XXXX** may have up to Two (2) years of control under conditions determined by the Parole Board.

2.

Thus, the plea agreement indicated that appellant, if sentenced to prison, could be subjected to a period of "up to" two years of postrelease control. At the plea hearing, however, the trial court advised appellant during its colloquy that "[b]ecause the charge of intimidation of an attorney, victim, or witness in a criminal case] is a felony of the third degree, you could have up to three years but not less than one year of post release control." The trial court echoed this admonition at sentencing, stating, "Having been convicted of a felony of the third degree, the defendant will be subject, once he is released from prison, of up to three years but not less than one year of post release control through the Adult Parole Authority." On appeal, appellant takes issue with the trial court's imposition of postrelease control.

## Assignment of Error

{¶ 5} Appellant asserts the following assignments of error on appeal:

I. Appellant's sentence for his third degree felony offense is contrary to law and constitutes plain error.

II. Appellant received ineffective assistance of counsel.

## Analysis

{¶ 6} This court reviews sentencing challenges under R.C. 2953.08(G)(2). *State v. Villarreal*, 6th Dist. Sandusky No. S-17-020, 2018-Ohio-888, ¶ 15. That statute permits an appellate court to increase, reduce, or otherwise modify a sentence or vacate the sentence and remand the matter for resentencing only if it clearly and convincingly finds

3.

either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is contrary to law.

*Id.*; R.C. 2953.08(G)(2). Appellant does not challenge the trial court's compliance with any of the sentencing statutes identified in R.C. 2953.08(G)(2)(a). Rather, he claims in his first assignment of error that his sentence is contrary to law because his "sentencing entry subjects him to up to three years of postrelease control, but the law limits postrelease control for nonviolent third degree felonies to two years."

{¶ 7} As indicated above, appellant pleaded guilty to intimidation of an attorney, victim or witness in a criminal case, in violation of R.C. 2921.04(B)(1) and (D), which was a felony of the third degree. In addition, R.C. 2901.01(A)(9)(a) lists R.C. 2921.04 as an offense of violence. *Accord State v. Dahms,* 3d Dist. Seneca No. 13-16-16, 2017-Ohio-4221, ¶ 127; *State v. A.G.*, 8th Dist. Cuyahoga No. 110132, 2021-Ohio-4428, ¶ 20.

{¶ 8} R.C. 2967.28(B)(4) provides that the period of post-release control that is required "[f]or a felony of the third degree that is an offense of violence and is not a felony sex offense, [is] up to three years, but not less than one year." The trial court specifically informed appellant of this statutorily mandated period of post-release control, both at appellant's plea hearing and at his sentencing hearing.

4.

**{¶ 9}** Unfortunately, the trial court's January 13, 2022 judgment entry inaccurately provides, "As part of this sentence the Defendant is advised that upon the completion of the prison term, the Defendant MAY be subject to such further <u>discretionary</u> period of supervision under POST RELEASE CONTROL of up to **THREE YEARS** as authorized by law * * *."  (Emphasis in original.)

**{¶ 10}** In *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 1, the Supreme Court of Ohio held that "to validly impose postrelease control when the court orally provides all the required advisements at the sentencing hearing, the sentencing entry must contain the following information: (1) whether postrelease control is discretionary or mandatory, (2) the duration of the postrelease-control period, and (3) a statement to the effect that the Adult Parole Authority ("APA") will administer the postrelease control pursuant to R.C. 2967.28 and that any violation by the offender of the conditions of postrelease control will subject the offender to the consequences set forth in that statute."  In this case, although the trial court orally provided all of the required advisements at the sentencing hearing, the trial court's judgment entry fails to validly impose postrelease control, because it incompletely advises appellant that he may be subject to a period of postrelease control of up to three years, without mention of the mandatory portion of the sentence, requiring a one-year period of postrelease control.

**{¶ 11}** In reaching this conclusion, we are mindful that if, as here, "the trial court gives the proper notice during the sentencing hearing, but fails to include proper notice in its sentencing judgment entry, the trial court can enter a nunc pro tunc judgment to

correct the clerical error pursuant to Crim.R. 36 and need not provide a resentencing hearing pursuant to R.C. 2929.191. *State v. Murray*, 2012-Ohio-4996, 979 N.E.2d 831, ¶ 23 (6th Dist.), citing *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶26. Accordingly, appellant's first assignment of error is found not well-taken, but the matter will be remanded to the trial court for a nunc pro tunc entry reflecting the imposition of postrelease control as explained by the trial court at appellant's sentencing hearing.

{¶ 12} Appellant argues in his second assignment of error that he received ineffective assistance of counsel, because his trial counsel failed to object to the period of postrelease control that was imposed by the trial court.

{¶ 13} The law is clear that "[a]n attorney is not ineffective for failing to raise an objection which would have been denied." *State v. Draper*, 10th Dist. Franklin No. 02AP-1371, 2003-Ohio-3751, ¶ 29, citing *State v. Gibson*, 69 Ohio App.2d 91, 95, 430 N.E.2d 954 (8th Dist.1980). As explained above, the trial court imposed postrelease control in this case in accordance with the law. Had trial counsel objected to this imposition of postrelease control, the objection would have been properly denied. Therefore, trial counsel, in failing to raise such an objection, was clearly not ineffective. Appellant's second assignment of error is found not well-taken.

{¶ 14} For all of the foregoing reasons, the judgment of the Wood County Court of Common Pleas is affirmed. This matter is remanded to the trial court for the sole purpose of issuing a nunc pro tunc sentencing entry that reflects the postrelease control

6.

sentence that was imposed by the trial court at appellant's sentencing hearing.  Appellant

is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed<br>and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.        _____
JUDGE

Thomas J. Osowik, J.       

Myron C. Duhart, P.J.        _____
CONCUR.                                                       JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.